MARK S. POSARD (SBN: 208790)
mposard@grsm.com
DAVID L. JORDAN (SBN: 203457)
dljordan@grsm.com
DANIEL S. KUBASAK (SBN: 222336)
dkubasak@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 875-3343
Facsimile: (415) 986-8054

Attorneys for Plaintiffs
KOKO FINANCIAL SERVICES LTD. AND FRASER ATKINSON

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOKO FINANCIAL SERVICES LTD. and FRASER ATKINSON,<br><br>Plaintiffs,<br><br>vs.<br><br>MAPLE LEAF EQUIPMENT AIRCRAFT AND RECOVERY, INC.; PHILLIP OLDRIDGE; SUSAN EMRY; C.T.P. HOLDINGS INCORPORATED; STAGE COACH LANDING, INC.; and DOES 1 through 20, inclusive,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>**1. Involuntary Dissolution**<br>**2. Accounting**<br>**3. Misrepresentation**<br>**4. Breach Of Fiduciary Duties**<br>**5. Conspiracy**<br>**6. Unfair Business Practices**<br>**7. Constructive Trust**<br>**8. Conversion**<br>**9. Injunctive Relief**<br><br>**DEMAND FOR JURY TRIAL** |

## PARTIES

1.  KOKO FINANCIAL SERVICES LTD. ("Koko") is a Canadian investment company that at all relevant times has held at least a fifty-percent shareholder interest in each entity defendant and, in fact, based on information and belief, may be the sole shareholder of one or more of the entity defendants.

2.  FRASER ATKINSON is an individual domiciled in Canada and has been at all relevant times the sole shareholder in Koko and an officer and director of each entity defendant.

3. MAPLE LEAF EQUIPMENT AIRCRAFT AND RECOVERY, INC. ("Maple Leaf") is a California corporation with its principal business office and address for service of process listed with the Secretary of State as 4100 Newport Place Drive, Suite 670, Newport Beach, California 92660.

4. PHILLIP OLDRIDGE ("Oldridge") is a resident of California and, on information and belief at all relevant times resided in the County of Orange and purports to be an officer, director and shareholder in Maple Leaf, STAGE COACH LANDING, INC. ("Stage Coach") and C.T.P. HOLDINGS INCORPORATED ("CTP").

5. SUE EMRY ("Emry") is an individual who, on information and belief resides in the Central District of California's jurisdiction, and purports to be an officer and director of Maple Leaf, Stage Coach and CTP.

6. Stage Coach is a Kansas corporation that was registered to do business in California and is doing business California. However, on information and belief, its right to do business has been forfeited for non-payment of taxes and its current status with the California Secretary of State shows as "FTP Forfeited". Its agent for service of process and mailing address are both identified with Secretary of State as 4100 Newport Place Drive, Suite 670, Newport Beach, California 92660, and Emry is identified as the agent of Stage Coach.

7. CTP is a Kansas corporation and owns an aircraft located in the State of California that is, on information and belief, the primary asset of CTP and was supposed to be used for the creation and operation of air shuttle business within the State of California. Its mailing address (office address) identified in its registration documents is also 4100 Newport Place Drive, Suite 670, Newport Beach, California 92660.

8. Plaintiffs are ignorant as to the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants DOES 1 through 20, inclusive, and therefore sues such Defendants by said fictitious names.

-2-
COMPLAINT

Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the injuries, damages or claims alleged by Plaintiffs in this action. Plaintiffs will seek leave of the court to amend this Complaint to show the true names and capacities of said fictitiously named Defendants when they have been ascertained.

9. At all times relevant herein, Defendants and Does 1 through 20 were the agent, servant, employee or in some other legal relationship to the others whereby legal liability is imputed from one party to the other and, at all times relevant herein, the Defendants were acting within the course and scope of their agency, servant or employee relationships.

## JURISDICTION AND VENUE

Plaintiffs are both citizens and domiciled in Canada for purposes of diversity jurisdiction. Defendants Maple Leaf, Oldridge, Emry are citizens of California for purposes of diversity jurisdiction. Defendants Stage Coach and CTP are citizens of Kansas for purposes of diversity jurisdiction. The amount in controversy exceeds $75,000. As such, this Court has original jurisdiction in this matter as there is complete diversity between the Plaintiffs and all of the Defendants. (28 U.S.C. §1332).

Maple Leaf is a California corporation with its principal business office and service of process address in the County of Orange. Stage Coach was registered to do business in California, albeit forfeited for failing to pay taxes, and continues to have assets and operations in California, as well as its office and its agent for service in California, which activities are conducted by Emry and Oldridge in California and the County of Orange. CTP has assets in California and also has an office and mailing address in California and the County of Orange from which Emry and Oldridge conduct its activities. Oldridge and Emry purport to be officers, directors and/or shareholders and to have carried on the business activities of

Maple Leaf, Stage Coach and CTP in the State of California and the County of Orange. Venue is proper in this court pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

11. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 10 above, as though set forth here in full.

12. The parties have had numerous business entanglements over the past years, including in Maple Leaf, Stage Coach, CTP and GreenPower Motor Company Inc., a Canadian company ("GreenPower").

13. Oldridge previously served as a senior executive and director of GreenPower. In or about mid-2019 GreenPower and Atkinson, as a shareholder, officer and director of GreenPower, discovered that Oldridge had engaged in various nefarious activities, including making secret stock sales and creating and/or working directly on behalf of direct competitors of GreenPower and with the intent to compete against GreenPower while still serving as an executive and director. On June 12, 2020 the Board of Directors of GreenPower terminated Oldridge as the CEO of GreenPower. On July 2, 2020 Oldridge resigned as a director of GreenPower. In response and for the purpose of retaliation, Oldridge engaged in manipulative stock sale transactions intended to damage GreenPower. As a result of his unlawful actions, GreenPower filed a legal action against Oldridge and his coconspirators in the Supreme Court of British Columbia. A true and correct copy of the Notice of Civil Claim in the Canadian action is attached hereto as Exhibit A and is incorporated herein by this reference.

14. In or about the same period of time that Oldridge was engaged with GreenPower and Atkinson in that business, they, along with Emry, were engaged in the Maple Leaf business. Oldridge had solicited Atkinson and Koko to invest in Maple Leaf and to act as an officer and director. Further, in or about the same time, Oldridge formed the Kansas entities – Stage Coach and CTP. Oldridge then

-4-
COMPLAINT

solicited from Koko and Atkinson funds totaling at least $79,362.14 Canadian Dollars and $360,000 USD. Of that amount, all but $100,000 USD were wired to Maple Leaf at Oldridge's direction based on his representations of their use for business purposes that would generate returns on the invested capital and profits to Koko. Based on those representations, Koko wired $200,000 USD to Maple Leaf's account to purportedly be advanced to CTP for purchase of an IAI 1124 Westwind jet with tail number N367WW for the asserted purpose of commencing an air shuttle service to be run by Oldridge that would generate income sufficient to return the monies invested to Koko along with profits. Additional wire transfers of $79,362.14 CND, $40,000 USD and $20,000 USD were made by Koko to Maple Leaf, all of which were based on representations by Oldridge that the funds would be used for its business purposes and returned to Koko with profits. Koko also made two $50,000 USD wire transfers to Stage Coach based on representations by Oldridge that the funds would be used for investment in an inn - the Springville Inn – and then subsequently returned to Koko with profits. The original deal to acquire the Inn included a Vendor Take Back which Oldridge represented would be covered by the cash flow of the business. Despite these assurances, the Inn failed to generate the necessary cash flow, resulting in the above wires.

15. However, at no time did Oldridge or Emry ever intend to use the funds solicited from Koko and Atkinson, to engage in lawful business proposes for and with the intent to pay Koko back for the funds invested and profits. For example, with respect to CTP, although Oldridge obtained the monies on the false representations and pretense of starting an air shuttle business, neither he, nor Emry, took the necessary measure to commence the business, instead using the monies transferred for their own personal gain and have used the aircraft for personal and not business purposes. Oldridge and Emry did not even bother to register CTP with the Secretary of State to do business in California and FAA records indicate the plane has been largely idle. Moreover, despite Koko's and

Atkinson's requests as shareholders, officers and directors, respectively, Emry and Oldridge have failed and refused to produce the books and records of CTP despite demands for the same and after falsely representing that they would be provided. Rather, they have unilaterally usurped all powers, assets, records and benefits of the entity to the exclusion of Koko and Atkinson, who have been frozen out to their detriment. They have also failed and refused to repay any of the money invested by Koko.

16. With respect to Stage Coach, on information and belief, Oldridge and Emry have at some point apparently operated the Springville Inn, although the reviews of the property are generally negative, as they have not used reasonable business judgment and care in the operation of the business. Further, despite Koko's and Atkinson's requests as shareholders, officers and directors, respectively, Emry and Oldridge have failed and refused to produce the books and records of Stage Coach despite demands for the same and after falsely representing that they would be provided. Rather, they have unilaterally usurped all powers, assets, records and benefits of the entity to the exclusion of Koko and Atkinson, who have been frozen out to their detriment. They have also failed and refused to repay any of the money invested.

17. With respect to Maple Leaf, Oldridge and Emry have used Maple Leaf to file a frivolous lawsuit against Atkinson, GreenPower and other individual employees of GreenPower in retaliation for the action filed by GreenPower in Canada against Oldridge. The action is entitled Maple Leaf Equipment Aircraft & Recovery, Inc. v. Greenpower Motor Company, Inc., Tulare County Superior Court Case No. 281781. Like CTP and Stage Coach, despite Koko's and Atkinson's requests as shareholders, officers and directors, respectively, Emry and Oldridge have failed and refused to produce the books and records of Maple Leaf despite demands for the same and after falsely representing that they would be provided. Rather, they have unilaterally usurped all powers, assets, records and

1 benefits of the entity to the exclusion of Koko and Atkinson, who have been frozen
2 out to their detriment. They have also failed and refused to repay any of the money
3 invested.

4     18. In addition, with respect to Maple Leaf, Oldridge and Emry have used
5 the entity for personal gain and have continually failed to abide by rules for
6 corporate governance.  By way of example: (a) they have used company assets to
7 pay personal expenses and for personal benefit; (b) they have failed to hold
8 shareholder and director meetings in compliance with the Bylaws and applicable
9 law; (c) they have failed to keep records and/or adequate records, including
10 meeting minutes and financial records of the company; (d) they have
11 misrepresented or falsified company records; (e) they have failed to timely submit
12 company filings with the state; (f) they have failed to timely issue or provide
13 appropriate tax documents; (f) they have failed to obtain shareholder or director
14 approval for company actions; and (g) they have failed to produce the company's
15 books and records on request of its shareholders and directors as required by
16 Corporations Code § 1601 et seq., despite repeated requests and after falsely
17 representing that they would be provided.

18     19. In short, Oldridge and Emry have conspired to obtain money from
19 Koko and Atkinson and to then unilaterally exclude them from the businesses
20 despite the ownership of at least half of each entity and Atkinson's position as of
21 one of only two directors of each entity. The foregoing facts and circumstances are
22 discussed by way of example and are in no way intended, nor shall they be
23 construed, as an exhaustive description of the facts and circumstances giving rise
24 to this action and supporting each cause of action asserted herein.

25     20. Koko and Atkinson have, or will shortly, file a separate action in
26 Kansas to dissolve both Stage Coach and CTP. Together, along with this action
27 and the one in Canada, the parties will be engaged in at least four (4) separate legal
28 actions arising out of and related to their business dealings.

21. As a result of the conduct and activities herein alleged and the existence of the multiple legal actions pending between the parties, it is impossible for the parties to continue in business together in any capacity whatsoever and, accordingly, that each of the entities, including Maple Leaf by this action, must be dissolved under the supervision of the Court and with the appointment and assistance of a receiver as appropriate.

## FIRST CAUSE OF ACTION

**(Involuntary Dissolution of Corporation)**

**Against Maple Leaf, Oldridge and Emry**

22. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 21 above, as though set forth here in full.

23. Plaintiffs were at all times herein mentioned a shareholder or director and officer of the corporation.

24. The facts, circumstances and conduct herein alleged above, including but not limited to those set forth in paragraphs 11-21, above, warrant the involuntary dissolution of the corporation pursuant to California Corporations Code § 1800, et seq. and in accordance with other applicable laws and statutes. Oldridge and Emry have knowingly and consciously countenanced persistent unfairness towards Plaintiffs and the corporation. Moreover, the efforts and business of the corporation have been frustrated, and the inherent and ongoing dysfunction of the corporation and between its shareholders, officers and directors, makes it unreasonable to continue to carry on the corporation, and also unreasonable for Plaintiffs to continue to carry on the corporation with Oldridge and Emry.

25. Plaintiffs are entitled to a winding up of the corporation's affairs and the distribution of the corporation's assets. Further, under the facts and circumstances set forth above, it is necessary for the protection of Plaintiffs'

interests that the corporation's affairs are wound up under the supervision of the Court and with the assistance of a receiver.

26. Accordingly, Plaintiffs seek and request an order from the Court to dissolve and windup up the Corporation in accordance with California Corporations Code § 1800 et seq.

## SECOND CAUSE OF ACTION

### (Accounting)

### Against All Defendants

27. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 26 above, as though set forth here in full.

28. Defendants are in possession and control of the corporate books, records, assets, and accounts of the corporations. Information regarding the use of the corporations' assets, as well as the amount of the corporations' assets and liabilities, is unknown to Plaintiffs and cannot be ascertained unless Defendants are ordered to turn over to Plaintiffs copies of each of the corporations' related books, accounts, and other financial records.

29. Plaintiffs are entitled to an accounting of the assets, liabilities, expenditures, credits, debits and other transactions which have occurred in the course and scope of the corporations' business and, in regard to Maple Leaf, in connection with the requested involuntary dissolution.

30. Accordingly, Plaintiffs request that Defendants immediately be ordered to turn over all financial books, assets, accounts, and records within their possession, custody or control for review by Plaintiffs and their attorneys.

## THIRD CAUSE OF ACTION

### (Misrepresentation)

### Against Oldridge and Emry

31. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 30 above, as though set forth here in full.

32. Oldridge and Emry, either directly or through his agents, made material, knowing, intentional or negligent misrepresentations, including but not limited to those described in paragraphs 14-18, as well as with respect the activities and handling of the corporations' assets and responsibilities, including self-dealings and misuses of corporation assets as herein described above.

33. Oldridge and Emry intended Plaintiffs to rely on their representations and, in fact, Plaintiffs did reasonably rely on their representations to their detriment. Such reliance was a substantial factor in causing Plaintiffs' harm.

34. As a direct, proximate result, Plaintiffs have been damaged in amounts to be proven at trial.

35. Further, Oldridge's and Emry's actions were done intentionally and with the requisite malice, fraud or oppression sufficient to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)
### Against Oldridge and Emry

36. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 35 above, as though set forth here in full.

37. Oldridge and Emry are or were at all relevant times shareholders, directors and/or officers of the Corporation. As such, they owed Plaintiffs a duty of loyalty and care and such other fiduciary duties as the law may imply or impose upon them in such capacity.

38. Oldridge and Emry, by doing those things alleged herein at paragraphs 14-19, and by other acts and omissions, have breached their fiduciary duties to Plaintiffs.

39. As a direct, proximate result, Plaintiffs have been damaged in amounts to be proven at trial.

40. Further, Oldridge's and Emry's actions were done intentionally and with the requisite malice, fraud or oppression sufficient to warrant the imposition of punitive damages.

## FIFTH CAUSE OF ACTION

### (Conspiracy)

### Against Oldridge and Emry

41. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 40 above, as though set forth here in full.

42. Oldridge and Emry were part of a conspiracy to commit the unlawful herein alleged above in paragraphs 14-19, and were either directly involved in the conspiracy to commit the acts alleged or were knowingly aiding and abetting the co-conspirators in committing those acts.

43. Each of them agreed with the other to commit the acts herein alleged and intended to commit those unlawful acts.

44. As a direct, proximate result, Plaintiffs have been damaged in amounts to be proven at trial.

45. Further, Oldridge's and Emry's actions were done intentionally and with the requisite malice, fraud or oppression sufficient to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION

### (Unfair Business Practices)

### Against Oldridge and Emry

46. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 45 above, as though set forth here in full.

47. By engaging in the acts and omissions set forth in the foregoing paragraphs, including but not limited to paragraphs 14-19, Oldridge and Emry have violated Business & Professions Code § 17200, et seq., which prohibits any unfair, unlawful or fraudulent business act or practice.

48. As a result of their acts and omissions, Plaintiffs have been harmed, and such harm was a proximate result of their acts and omissions.

49. Plaintiffs, therefore, are entitled to relief, including, but not limited to injunctive relief, restitution and the recovery of attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### (Constructive Trust)

### Against All Defendants

50. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 49 above, as though set forth here in full

51. As officers, directors or shareholders of Maple Leaf, Stage Coach and CTP, Oldridge and Emry owe a duty account for, hold as trustee and protect the property, assets, benefits and opportunities of the entities for the benefit of Plaintiffs and not to usurp them for their personal benefit.

52. Oldridge and Emry have failed to account for, hold as trustee and protect the property, assets, benefits and opportunities of the entities for the benefit of Plaintiffs and, instead, have usurped them for their personal benefit.

53. As herein before alleged, Oldridge and Emry have engaged in unlawful acts in violation of Business & Profession Code § 17200, et seq., and in breach of their fiduciary duties, and after making material misrepresentations regarding their intentions intended to harm Plaintiffs.

54. Plaintiffs have a right to the property, assets, benefits and opportunities of the corporations, and therefore request the Court impose a constructive trust over all property, assets, benefits and opportunities of Maple Leaf, Stage Coach and CTP in favor of Plaintiffs.

## EIGHT CAUSE OF ACTION

### (Conversion)

### Against Oldridge and Emry

55. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 54 above, as though set forth here in full

56. Oldridge and Emry have converted and used the funds received from Plaintiffs in order to benefit themselves personal to exclusion of Plaintiffs as herein set forth above.

57. Such conversion included, but is not limited to, the amounts set forth in paragraph 14.

58. As a result of such conversion, Plaintiffs have been damaged.

59. Further, such conversion was carried out with wanton disregard of Plaintiffs' rights and with the requisite malice, fraud or oppression sufficient to warrant the imposition of punitive damages.

## NINTH CAUSE OF ACTION

### (Injunctive Relief)

### Against All Defendants

60. Plaintiffs incorporate and re-allege each of the allegations contained in paragraphs 1 through 59 above, as though set forth here in full.

61. Pending the completion of this action, the Court should issue a temporary restraining and preliminary injunction order prohibiting any Defendant from taking any action that would impair or dispose in an way of the property, assets, interests, benefit and opportunities of the corporations, including but not limited to (a) entering into any agreements on behalf the corporation, (b) using or dispersing any of the corporation assets (including prohibiting making any corporation distributions), (c) transferring any assets of the corporations, forming any other entities to have, hold or control corporations' assets, (d) encumbering or otherwise transferring, in whole or part, any shareholder's interest in the corporations, or (e) taking any other action affecting the corporations.

62. That the Court issue a temporary restraining and preliminary injunction order permitting the corporations to only engage in basic administrative

functions of paying taxes and insurance and other necessary functions, but only after motion to and approval of the Court after hearing.

## JURY TRIAL DEMANDED

63.     Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.      For an order of dissolution of the Corporation pursuant to California Corporate Code § 1800 and in accordance with other applicable laws and statutes;

2.      For an order directing Oldridge and Emry and each of them to (a) disclose all assets (including but not limited to all physical property and bank, brokerage and trust accounts) of the corporations, (b) render to the Court and the Plaintiffs a full and complete accounting of the financial activities of the corporations and each of them with respect to the activities and condition of the corporations since inception and through the present, and (c) include the expenditures and dispositions of all revenues, monies and assets received by or on behalf of the corporations.  Also, for an order finding that Defendants are constructive trustees of all such assets of the corporations in their possession, custody or control, and that the same be deposited with the Court by each Defendant.  That Oldridge and Emry be surcharged and held liable and judgment entered against each of them for any and all such assets for which they fail to properly account, together with interest thereon at the legal rate, and that any and all expenses and fees incurred by Plaintiffs in this action be borne by each of them individually and jointly and severally and not by the corporations.

3.      For temporary and permanent injunctive relief as herein described;

4.      For Court supervision, including potentially through appointment of a receiver, over the corporations pending resolution of this matter;

5. For compensatory and punitive damages in an amount to be proven at trial;

6. For restitution;

7. For attorneys' fees and costs; and

8. For such other and further relief as this court deems just and proper.

Dated: August 6, 2020

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ David L. Jordan*
Mark S. Posard
David L. Jordan
Daniel S. Kubasak
Attorneys for Plaintiffs
KOKO FINANCIAL SERVICES LTD. AND FRASER ATKINSON